J-S47042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHMED MOSTAFA ELGAAFARY | : | |
| | : | |
| Appellant | : | No. 478 EDA 2023 |

Appeal from the PCRA Order Entered January 18, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003891-2018

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED SEPTEMBER 25, 2024**

This case returns to this Court following our Supreme Court's granting of Appellant Ahmed Mostafa Elgaafary's petition for allowance of appeal, and vacating of this Court's January 16, 2024, decision affirming the PCRA[1] court's dismissal of Appellant's first PCRA petition without an evidentiary hearing. Consistent with our Supreme Court's directive, we vacate the PCRA court's January 18, 2023, order and remand for a hearing on Appellant's claim of ineffectiveness regarding plea advice.

Relevantly, Appellant filed a timely, counseled PCRA petition alleging he was constructively denied his right to counsel under the Sixth Amendment to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution. Specifically, he averred he was denied his right to counsel since he was represented from the time of his preliminary hearing on November 7, 2018, through the conclusion of his jury trial on August 19, 2019,[2] by Jonathan Altman, who was ultimately disbarred by our Supreme Court on April 22, 2020. Appellant alleged that, since Mr. Altman represented him while his disbarment was pending, his representation was tantamount to Appellant having no counsel at all. He alleged Mr. Altman was *per se* ineffective or Appellant suffered actual prejudice since he erroneously trusted Mr. Altman when he rejected the Commonwealth's plea offer. He averred that, had he been fully aware of the pending disciplinary proceedings against Mr. Altman, he would not have listened to his advice.

As indicated *supra*, the PCRA court dismissed Appellant's PCRA petition without an evidentiary hearing, and on appeal to this Court, Appellant raised the following claims in his "Statement of the Questions Involved" (verbatim):

> I. Whether Appellant was constructively denied his right to counsel under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution by relying upon the advice of his disbarred attorney to reject a plea offer where his counsel failed to fully disclose the details and specific nature of his dishonest conduct underlying his disbarment, as well as the

---

[2] Appellant was convicted of one count of rape of an unconscious person, one count of sexual assault, and two counts of indecent assault. 18 Pa.C.S.A. §§ 3121(a)(3), 3124.1, and 3126(a)(4), (1). Appellant was sentenced to an aggregate of seven years to twenty years in prison.

- 2 -

> Disciplinary Board's specific finding that he posed a danger to his potential and current clients?
>
> II. Whether the Post Conviction Relief Act court erred in denying Appellant's petition without a hearing on the issue raised in the petition for Post Conviction Relief that he was denied his constitutional right to counsel?

Appellant's Brief at 3 (suggested answers omitted).

This Court concluded that, since Mr. Altman was a fully licensed attorney during the time he represented Appellant, and he was disbarred after he withdrew his representation, Appellant was required to demonstrate the traditional **Strickland/Pierce**[3] prongs for ineffectiveness, including actual prejudice, as it relates to Mr. Altman's representation of Appellant. We then held the record belied Appellant's claim that he was unaware of the disciplinary proceedings against Mr. Altman, and he consistently stated his desire to continue with Mr. Altman as his attorney.

Accordingly, we held the PCRA court properly rejected Appellant's ineffectiveness claim since Appellant failed to show that, but for an alleged lack of knowledge, he would have accepted the Commonwealth's plea offer. Moreover, we held there was no genuine issue of material fact, which would have warranted a PCRA evidentiary hearing. Consequently, this Court affirmed the PCRA court's order dismissing Appellant's PCRA petition without a hearing.

---

[3] **See Strickland v. Washington**, 466 U.S. 668 (1984), and **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975 (1987).

In his petition for allowance of appeal to our Supreme Court, Appellant presented the following issues (verbatim):

I.    Did the Superior Court err in finding Petitioner was not constructively denied his right to counsel under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution by relying upon the advice of his disbarred attorney to reject a plea offer where his counsel failed to fully disclose the details and specific nature of his dishonest conduct underlying his disbarment, as well as the Disciplinary Board's specific finding that he posed a danger to his potential and current clients?

II.   Did the Superior Court err in affirming the PCRA court's dismissal of Petitioner's petition without a hearing on the issue raised in the petition for Post Conviction Relief that he was denied his constitutional right to counsel?

Appellant's Petition for Allowance of Appeal, filed 2/15/24, at 12 (bold omitted).

By *per curiam* order filed on August 13, 2024, our Supreme Court indicated the following (verbatim):

**AND NOW**, this 13th day of August, 2024, we **GRANT** the petition for allowance of appeal, and **VACATE** the Superior Court's decision affirming the trial court's dismissal of the petitioner's petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, without a hearing. We **REMAND** to [the] Superior Court with instructions to remand to the trial court for a hearing on the petitioner's claim of ineffectiveness regarding plea advice, pursuant to **Lafler v. Cooper**, 566 U.S. 156 (2012), and **Commonwealth v. Steckley**, 128 A.3d 826 (Pa. Super. 2015).

**Commonwealth v. Elgaafary**, No. 102 MAL 2024 (Pa. filed 8/13/24) (*per curiam* order) (emphasis in original).

- 4 -

In light of the aforementioned, we now vacate the PCRA court's January 18, 2023, order and remand this matter to the PCRA court for an evidentiary hearing on Appellant's claim of ineffectiveness regarding plea advice.

Order vacated; Case remanded; Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/25/2024